Filed 7/22/26  Sorenson v. Montana CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| KARLY D. SORENSON,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICHOLAS MONTANA,<br>    Defendant and Appellant;<br><br>PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br>    Intervener and Respondent. | C103435<br><br>(Super. Ct. No. S-DR-0058455) |

Nicholas Montana (father) appeals from an order setting childcare expenses and related arrears and ordering father to pay sanctions.  We reject father's claims but direct the trial court to correct two clerical errors that appear on the face of the challenged order.

BACKGROUND

On December 1, 2023, father filed a request for order to modify child support for the parties' two minor children.  In June 2024, the parties appeared in the trial court for an evidentiary hearing on father's request, and the court vacated a previously ordered childcare add-on, effective December 1, 2023.  The court calculated guideline child support totaling $920 a month, payable by father to respondent Karly D.

1

Sorenson (mother) beginning July 1, 2024. The court ordered the parties to share equally any work-related daycare expenses and set a child support review hearing for September 11, 2024. The court reserved jurisdiction over several issues, including work-related childcare and parenting time.

The parties appeared before the trial court on September 11, 2024 to address the issues reserved by the court at the June 2024 hearing as well as a July 25, 2024 request by father concerning payment of add-ons. The court determined that father owed child support arrears totaling approximately $940. The court ordered the parties to meet and confer on expenses and childcare and ordered the Placer County Department of Child Support Services (DCSS) to prepare an audit. The court again reserved jurisdiction over the same issues from the June 2024 hearing, directed father to file and serve a declaration by October 14, 2024, and ordered the issue of daycare to be addressed at the next hearing.

On September 20, 2024, father filed a request for order seeking to have mother reimburse him for the costs associated with his supervised parenting time, including transportation.

The parties appeared before the trial court on November 6, 2024 to address the issues raised in father's December 1, 2023 and July 25, 2024 requests for orders. According to the minute order, the court calculated guideline child support at $945 per month, payable by father to mother, but ordered a deviation from the guideline amount of $12, thereby reducing child support to $933 per month. The court ordered the parties to file and serve declarations as follows: "(M) by 12/2/24[,] (F) by 12/16/24[, and] (M) reply [by] 12/20/24." The court directed DCSS to prepare an order after hearing.

DCSS submitted a proposed order after hearing on November 8, 2024, and the trial court executed and filed it on November 14, 2024. The order included the court's orders for child support and a briefing schedule for the parties. The order directed father to file and serve a declaration on work-related childcare "[o]n or before 12/02/24" and

2

mother to file a responsive declaration "[o]n or before 12/16/24." The court said it would take "the matter under submission on 12/20/24."

The trial court issued a "ruling on submitted matter" on March 3, 2025 (March 3 order). (Capitalization omitted.) The court observed that mother had objected to a brief filed by father on December 18, 2024 as "unauthorized." The court sustained mother's objection but found that the brief should nevertheless be considered in "the interests of justice." The court granted mother's request that "attorneys['] fees be ordered" under Family Code section 271 "on account of the unauthorized and unnecessary further briefing."[1] The court ordered father to pay $800 in sanctions to mother or her attorney within 30 days.

After considering "all testimony and evidence submitted at the time of the hearing, as well as the post hearing briefing," the trial court made the following orders:

Mother's "evidence supports her request for childcare expenses, and her request therefor[e] is granted as follows:

"For December 2023, $1540 per month, [father]'s half share $770.

"For January 1, 2024, through August 31, 2024, $1659 per month, $565 for the elder child, and $1094 for the younger. [Father]'s half share for the period is $6,636.

"For September 1, 2024, to December 31, 2024, $1762 per month, $466 for the elder child, $1,296 for the younger. [Father]'s half share is $3,524.

"For September 1, 2025, to February 28, 2025, $1,900 per month, $1434 for the younger child and $466 for the younger. [Father]'s half share for the period is $1,900.

"For the period of March 1, 2025, going forward, the $1900, with the allocation stated, is ordered as an add-on to the existing order.

---

[1] Undesignated statutory references are to the Family Code.

"The aforementioned amounts are to be added to [father]'s arrears. [DCSS] is directed to update its account consistent with this order."

The trial court granted mother's request for a DCSS audit and denied "[a]ll other requests for relief, including further awards of attorneys fees and modification of interim or successive orders … . Except as to the orders regarding child care herein made, all other existing order[s] will remain in full force and effect."

Father timely appealed from the March 3 order. His notice designating the record designated a clerk's transcript and checked the box stating that he would proceed without a record of the oral proceedings.

## DISCUSSION

We review child support orders and section 271 sanctions awards for abuse of discretion. (*In re Marriage of Chandler* (1997) 60 Cal.App.4th 124, 128 [child support]; *Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1176 [section 271 sanctions].) Under that standard, we will not disturb the trial court's ruling unless it exceeded the bounds of reason after considering all the circumstances. (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) As the appellant, father bears the "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.) Father's decision to proceed in this appeal with neither a reporter's transcript nor a settled or agreed statement—in what is known as an appeal "on the judgment roll" (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082)—limits father's ability to carry this burden. (See Cal. Rules of Court, rule 8.120(b) [to raise an issue that requires consideration of oral proceedings in trial court, record on appeal must include a reporter's transcript, an agreed statement, or a

4

settled statement]; *Jameson*, at p. 608 ["the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].)[2] "Because the case is presented in this posture, we presume that the trial court's findings of fact are supported by substantial evidence, and its conclusions of law are binding upon us unless error appears on the face of the record." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 321; see *id.* at p. 324 ["we ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings" ' "]; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574-575.)

Whether proceeding with or without a record of the oral proceedings, an appellant must provide cogent legal argument in support of all claims of error with citation to legal authority as well as supporting references to the record, if possible. (Rule 8.204(a)(1)(B), (C); *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 (*Singh*).) The same standards apply to self-represented litigants. (*Singh*, at p. 861.) " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority,' " we treat the point as forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *Singh*, at p. 861.) "It is not our place to construct theories or arguments to undermine the judgment [or order on appeal] and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Father contends that the trial court ignored his supporting evidence and erred in failing to modify child support retroactive to the date he filed his initial request. Because these contentions are unaccompanied by legal argument, citation to relevant legal authority, or references to the record, we are not able to consider them. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *Singh*, *supra*, 65 Cal.App.5th at pp. 861, 870; *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

---

[2] Undesignated rule references are to the California Rules of Court.

Father also argues that the trial court erroneously ordered him to pay half of mother's childcare expenses because mother failed to present proof of those expenses. For judgment roll appeals, however, we must presume the trial court heard substantial evidence to support its findings. (*Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at pp. 324-325; see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 [the " 'absence of a record concerning what actually occurred at the trial precludes a determination that the trial court [erred]' "]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 ["appellant's omission of the reporter's transcript precludes appellant from raising any evidentiary issues on appeal"].)

Regarding the section 271 sanctions, father appears to assert that the trial court erred in ordering him to pay $800 in sanctions because he lacked the ability to pay. Father also argues that the court imposed those sanctions in retaliation for father pointing out the court's mistakes. He suggests as well that he was justified in submitting an additional filing because of an error in the deadlines in the trial court's minute order. Like father's previous arguments, these assertions are unsupported by legal argument, citation to relevant legal authority, or references to the record. They are therefore forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *Singh*, *supra*, 65 Cal.App.5th at pp. 861, 870; *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.) Further, because this is a judgment roll appeal, we assume the facts necessary to support the trial court's order. (*Elena S. v. Kroutik*, *supra*, 247 Cal.App.4th at pp. 574-575.)

Father's brief also notes an apparent clerical error on the face of the order. On the second page of the order, beginning on line 20, the order reads: "For *September 1, 2025*, to February 28, 2025, $1,900 per month, $1434 for the younger child and $466 for the younger. [Father]'s half share for the period is $1,900. [¶] For the period of *March 1, 2025, going forward*, the $1900, with the allocation stated, is ordered as an add-on to the existing order." (Italics added.) As father notes, the "September 1, 2025" date appears to

be a clerical error because September 1, 2025 does not precede February 28, 2025. Further, the following paragraph in the order addresses the period covering September 1, 2025—i.e., "the period, March 1, 2025, going forward." We note as well that in the allocation of child support, the order says that both amounts are to be allocated to the "younger" child. This too appears to be a clerical error. We will remand to allow the trial court to correct these discrepancies.

## DISPOSITION

The matter is remanded for the sole purpose of allowing the trial court to correct the clerical errors in its March 3 order. The court is directed to provide a corrected copy of the March 3 order to the parties and DCSS. No costs are awarded to respondent as she has not filed a brief in this appeal. (Rule 8.278(a)(5).)


/s/ _____
FEINBERG, J.

We concur:


/s/ _____
MAURO, Acting P. J.


/s/ _____
RENNER, J.

7